## WIGGINS FERRY CO. v. LEVINSON et al.

(Circuit Court of Appeals, Eighth Circuit. February 2, 1914.)

No. 3909.

1. APPEAL AND ERROR (§ 232*) — INSTRUCTIONS — OBJECTIONS NOT RAISED AT TRIAL.

The Missouri Supreme Court having held that a recovery for wrongful death under Rev. St. Mo. 1909, § 5425, providing that the offending corporation shall forfeit and pay, as a penalty for every such person so dying, not less than $2,000, and not exceeding $10,000, in the discretion of the jury, was penal up to $2,000, but was remedial and compensatory to the extent of the amount allowed in excess of that sum, the trial court in an action for death charged that if the jury found for plaintiffs, they should assess their damages at not less than $2,000 nor more than $10,000. Defendant's counsel excepted to the expression "assess as damages," on the ground that the court "has characterized the statute as compensatory, and that the amount rendered is as damages rather than a penalty," at which time counsel were contending that the whole statutory recovery was penal. *Held*, that such objection was insufficient to sustain a contention on a writ of error that the term "damages" did not properly express the double character of the recovery as determined by the state Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

2. APPEAL AND ERROR (§ 1068*)—REVIEW—DAMAGES—INSTRUCTIONS—PREJUDICE.

The Missouri Supreme Court, having held that Rev. Stats. 1909, § 5425, providing for a recovery of not less than $2,000 nor more than $10,000, was penal up to $2,000 and remedial as to the balance and plaintiffs having recovered $4,000, defendant was not prejudiced by an instruction that if the jury found for plaintiff, they should assess their "damages" at not less than $2,000, nor more than $10,000, because the word "damages" did not properly characterize the dual character of the recovery.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Max Levinson and another against the Wiggins Ferry Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

T. M. Pierce, of St. Louis, Mo. (J. L. Howell and W. M. Hezel, both of St. Louis, on the brief), for plaintiff in error.

David Goldsmith, of St. Louis, Mo., for defendants in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. A ferryboat belonging to the Wiggins Ferry Company collided with and sunk a skiff in the Mississippi river at St. Louis, Mo., and Julius Levinson, a minor, who was in the skiff, was drowned. His parents sued the company, charging negligent management of the ferryboat, and had a verdict and judgment for $4,000.

The action was brought under a Missouri statute (section 5425, R.

S. 1909) which provides that an offending corporation "shall forfeit and pay as a penalty, for every such person * * * so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury." In Boyd v. Railway, 249 Mo. 110, 155 S. W. 13, the Supreme Court of Missouri authoritatively held that a recovery under this section "is penal up to the sum of $2,-000, but to the extent to which a plaintiff may recover, if at all, in excess of $2,000 * * * is remedial and compensatory."

[1] The trial court charged the jury that if they found for the plaintiffs they should assess their damages at not less than $2,000 nor more than $10,000. Counsel for defendant excepted to the expression "assess as damages" upon the ground that the court "has characterized the statute as compensatory, and that the amount rendered is as damages rather than a penalty." At that time counsel were erroneously contending in the trial court that the recovery authorized by the statute was wholly penal, and in no part compensatory; but now they say that the term "damages" does not properly express its double character as determined by the Supreme Court of the state.

[2] Passing the inquiry whether the charge of the court does not show that it used the term "damages" as synonymous with "amount of recovery," we think that under the circumstances of the time counsel for defendant did not sufficiently direct the court's attention to the particular objection now urged. Moreover, the verdict and judgment for $4,000 must have been, according to counsel's contention, for compensatory damages, and since the facts which warranted such damages would, under the statute, have required the assessment of a penalty of at least $2,000 in addition, it would seem defendant was not prejudiced, whatever view might be taken. Another part of the charge of the trial court is criticised, but no sufficient exception was taken to it, and it is not assigned as error in accordance with the rules.

The judgment is affirmed.